UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JPMORGAN CHASE BANK, N.A.,

    Plaintiff,                                     No. C 12-5197 PJH

    v.                                                 **ORDER**

PARKSIDE LENDING, LLC,

    Defendant.

_____/

    Before the court is the motion of plaintiff JPMorgan Chase Bank, N.A. ("JPMorgan") to strike the affirmative defenses asserted by defendant Parkside Lending, LLC ("Parkside"). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion. Leave to amend is granted as to the second, fourth, and fifth affirmative defenses only.

    A motion to strike an affirmative defense is allowable under Federal Rule of Civil Procedure 12(f), under which a court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An affirmative defense is insufficiently pled if it does not give the plaintiff fair notice of the nature of the defense. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).

    In addition, while the Ninth Circuit has not ruled on this issue, the vast majority of district courts presented with the issue have extended Twombly's heightened pleading standard to affirmative defenses. See Barnes v. AT & T Pension Benefit Plan-Nonbargained Program, 718 F.Supp.2d 1167, 1171 (N.D. Cal. 2010); see also Bonshahi v. Fedex Corp., 2012 WL 3638608 at *1-2 (N.D. Cal. Aug. 22, 2012). Twombly requires that a plaintiff allege "enough facts to state a claim to relief that is plausible on its face." Bell

1  Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  If an affirmative defense is stricken,
2  leave to amend should be freely given when doing so would not cause prejudice to the
3  opposing party.  Wyshak, 607 F.2d at 826.

4  Rule 12(f) is a vehicle by which to "avoid the expenditure of time and money that
5  must arise from litigating spurious issues by dispensing with those issues prior to trial."
6  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983); see also
7  Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010).  "While a Rule
8  12(f) motion provides the means to excise improper materials from pleadings, such motions
9  are generally disfavored because the motions may be used as delaying tactics and
10 because of the strong policy favoring resolution on the merits."  Barnes, 718 F.Supp.2d at
11 1170.

12  In accordance with these standards, the court rules as follows.

13  1.  The motion to strike the first affirmative defense is GRANTED, on the ground
14 that failure to state a claim is not an affirmative defense.  See, e.g., Barnes v. AT&T
15 Pension Benefit Plan, 718 F.Supp. 2d 1167, 1174 (N.D. Cal. 2010); see also J & J Sports
16 Prods v. Mendoza-Govan, 2011 WL 1544886 at *2-3 (N.D. Cal. Apr. 25, 2011).

17  2.  The motion to strike the second affirmative defense is GRANTED, with leave
18 to amend.  While it is true that equitable defenses are not applicable to legal claims seeking
19 damages for breach of contract, JPMorgan is also seeking recovery under a theory of
20 indemnity, and has in addition asserted an alternative claim for specific performance.  The
21 dismissal is with leave to amend to plead sufficient facts to support the equitable defenses
22 asserted.

23  3.  The motion to strike the third affirmative defense is GRANTED, on the ground
24 that an assertion that the plaintiff suffered no damages is not an affirmative defense,
25 because it is essentially an allegation that the plaintiff cannot prove the elements of its
26 claims.  See J&J Sports Prods., 2011 WL 1544886 at *2-3.

27  4.  The motion to strike the fourth affirmative defense is GRANTED, with leave to
28 amend to plead sufficient facts to support this affirmative defense.

5. The motion to strike the fifth affirmative defense is GRANTED, with leave to amend to allege the appropriate statutes of limitation.

6. The motion to strike the sixth affirmative defense is GRANTED, on the ground that apportionment is not an appropriate defense in a breach of contract case where there are only two parties to the contract. To the extent that Parkside claims that third parties may be responsible, in whole or in part, for any damages suffered by JPMorgan, the proper vehicle for such a claim is not an affirmative defense but a claim against those third parties for indemnity and contribution.

7. JPMorgan's request (in its reply brief) that the court issue an order stating that the laws of New Jersey and Ohio will govern the substantive issues in this case is DENIED. This argument was improperly raised for the first time in the reply brief, and in any event, is not appropriately raised in a Rule 12(f) motion. On the other hand, it seems fairly clear from the contracts attached to the complaint that New Jersey and Ohio law do apply (at a minimum) to any interpretation of those contracts. The court anticipates that the parties will be able to resolve this issue informally. In the unlikely event that they are unable to do so, the court will require a fully briefed motion before issuing any such order.

The amended answer shall be filed no later than February 28, 2013. The February 13, 2013 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: February 7, 2013

PHYLLIS J. HAMILTON
United States District Judge

3